Danny RICKETTS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–681A21.

Court of Appeals of Indiana,
Fourth District.

Dec. 28, 1981.

Harriette Bailey Conn, Public Defender, William F. Evans, Sr., Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant-appellant Danny Ricketts pleaded guilty on February 29, 1980 to charges of Theft and Conspiracy.[1] On May 19, 1980, Ricketts petitioned the Hamilton Superior Court for post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1. The petition was denied on December 17, 1980, and this appeal followed. On appeal Ricketts contends, *inter alia*, that his guilty plea was not knowingly, intelligently and voluntarily made because he was not informed of the minimum possible sentences for the offenses charged. Because we reverse on this issue, we do not specify or address other defects alleged in the court's advisement or other errors raised by Ricketts.

Ricketts contends that the guilty plea was not made knowingly, intelligently and voluntarily because the trial judge failed to

1. Ind.Code 35–43–4–2 and Ind.Code 35–41–5–2   respectively.

advise him of the minimum possible sentence for the offenses charged as required by Ind.Code 35–4.1–1–3(d).[2] That section provides that "[t]he court shall not accept a plea of guilty from the defendant without first addressing the defendant and . . . (d) [i]nforming him of the maximum possible sentence and minimum sentence for the offense charged . . . ."

Under Ind.Code 35–43–4–2 and Ind.Code 35–41–5–2 theft and conspiracy are Class D felonies. The sentencing statute for Class D felonies provides:

"(a) A person who commits a Class D felony shall be imprisoned for a fixed term of two (2) years, with not more than two (2) years added for aggravating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,-000).

(b) Notwithstanding subsection (a) of this section, if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. The court shall enter in the record, in detail, the reason for its action whenever it exercises the power granted in this subsection."

Ind.Code 35–50–2–7. Before accepting Ricketts' plea of guilty the trial judge informed him that the maximum sentence for each of the charges was two years plus two years on each count for aggravating circumstances and a fine of up to ten thousand dollars. However, the judge did not inform him of the alternative misdemeanor sentencing provision. The defendant maintains that because of this failure to inform him of the alternative sentencing provision his plea should be set aside.

■ The provisions of Ind.Code 35–4.-1–1–3 are mandatory. *Turman v. State*, (1979) Ind., 392 N.E.2d 483; *Bullock v. State*, (1980) Ind.App., 406 N.E.2d 1220; *Barfell v. State*, (1979) Ind.App., 399 N.E.2d 377. It is the duty of the trial judge to comply strictly with the terms of Ind.Code

35–4.1–1–3. *German v. State*, (1981) Ind., 428 N.E.2d 234. In *German*, our Supreme Court stated:

"The trial judge must address the defendant according to the requirements of the statute and determine that the defendant understands the charges against him; inform him that by pleading guilty the defendant is admitting guilt; inform the defendant that he waives his rights to a jury trial, to confrontation with his accusers, to compulsory process, and to require the State to prove his guilt beyond a reasonable doubt in a trial in which he cannot be compelled to testify; inform the defendant of the range of sentencing to which he is subject; and inform the defendant that the court is not a party to, and is not bound by, the plea agreement."

Although the entire record should be considered in determining whether the statutory requirements were met, the record must affirmatively show that they were met. *See DeVillez v. State*, (1981) Ind., 416 N.E.2d 846; *Sims v. State*, (1981) Ind.App., 422 N.E.2d 436; *Dolan v. State*, (1981) Ind. App., 420 N.E.2d 1364; *White v. State*, (1980) Ind.App., 412 N.E.2d 1269. The record fails to disclose Ricketts' advisement on an item enumerated in the statute as a prerequisite to acceptance of his guilty plea: the possible minimum sentences for the charges. Where there is no indication that a defendant was advised of a particular right, even though all other items in the statute were fully explained, a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed. *E.g., Barfell v. State, supra.* Although a petitioner has the burden of establishing grounds for relief at his post-conviction proceeding, P.C. 1, § 5, submission of a silent guilty plea record in conjunction with a petition for post-conviction relief satisfies the burden. *E.g., Barfell v. State, supra.* Therefore, the trial court erred in determining that the record was sufficient to support a finding that the

---

**2.** Repealed effective September 1, 1982 by Acts 1981, P.L. 298, § 9. The new provision will be

at Ind.Code 35–35–1–1 et seq.

guilty plea was knowingly, voluntarily and intelligently made.

The defendant's petition for post-conviction relief should have been granted because of the trial court's failure to adequately advise him of the possible minimum sentence for the crimes with which he was charged. In view of our decision on this issue, we do not need to deal with Ricketts' other allegations of error.

Reversed.

MILLER, P. J., and CONOVER, J., concur.