**Daniel P. McKINNEY,
Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

No. 3-782A177.

Court of Appeals of Indiana,
Third District.

Dec. 7, 1982.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Daniel McKinney appeals the denial of his petition for post conviction relief which sought to set aside his guilty plea to a charge of burglary.

He asserts and the record bears out that when his plea was accepted he was not advised of the minimum possible sentence for the offense as required by IC 35–4.1–1–3(d).[1] The trial court found that since McKinney had entered a plea bargain which called for a specific sentence any advice as to the minimum sentence available was superfluous (Record at 114, 119).

We first note there is practical value in assuring that an accused is aware of both the maximum and minimum sentences for an offense to which he is contemplating a plea of guilty. Even where he has agreed to a proposed plea bargain which contains an agreed sentence he is entitled to know the minimum potential sentence for the offense if he is to intelligently and voluntarily agree to the proffered plea bargain. It is thus significant that the judge assure himself that the accused is aware of what he is agreeing to and that the record clearly reflects that there could have been no legitimate misunderstanding. Rights are not only thereby protected, but needless appeals are averted.[2]

Secondly, we note the oft-repeated admonition from our Supreme Court that trial courts strictly follow the requirements of IC 35–4.1–1–3. *Turman v. State* (1979), Ind., 392 N.E.2d 483. The fact that a plea agreement has been reached does not remove from the court its obligation. *German v. State* (1981), Ind., 428 N.E.2d 234.

Finally, we point out that the Fourth District in *Ricketts v. State* (1981), Ind. App., 429 N.E.2d 289 has already held that failure to follow the statutory mandate that an accused be advised of the minimum sentence will require vacation of a guilty plea.

The judgment of the trial court is reversed and the case is remanded with instructions to set aside the guilty plea.

1. Effective September 1, 1982, this statute has been recodified as IC 35–35–1–2.

2. As an illustration we point to instances where the accused has misunderstood his own counsel or counsel has misspoken in advising the defendant of the minimum possible sentence.

STATON, J., concurs.

HOFFMAN, P.J., dissents and files separate opinion.

HOFFMAN, Presiding Judge, dissenting.

I dissent. The record reveals that appellant, who was represented at all times by counsel, voluntarily entered into a plea agreement with the State with the knowledge that there would be no trial, no jury, and no questioning of witnesses. *Owen v. State* (1975), 167 Ind.App. 258, 338 N.E.2d 715. By the terms of that agreement the State recommended an executed sentence of ten years for the burglary charge now at issue, a consecutive executed sentence of two years on an additional charge, and dismissal of yet another charge. Once the trial court accepted this recommendation it was bound by the terms contained therein. IC 1971, 35–5–6–2(b) (Burns 1979 Repl.);[1] *also see, State ex rel. Goldsmith v. Marion County, etc.* (1981), Ind., 419 N.E.2d 109. Since the trial court lacked discretion in sentencing appellant without then enabling him to withdraw his plea, it is difficult to perceive how appellant could have been prejudiced by the trial court's failure to advise him of the minimum sentence for a class B felony conviction at the change of plea hearing. As noted by the trial court in denying appellant's petition for post-conviction relief, any discussion of alternative sentencing possibilities would have been superfluous.

Appellant has at best revealed a latent defect which does not detract from a record which shows that appellant was informed of and understood the full panoply of his *operative* constitutional rights. *James v. State* (1982), Ind., 433 N.E.2d 1188. As noted by Chief Justice Givan in his dissent to *German v. State* (1981), Ind., 428 N.E.2d 234, at 237:

"[t]he entire matter of informing defendants of their constitutional rights should be used as a safeguard to see that persons are not misled or tricked into entering pleas of guilty without full knowledge of the circumstances.

"I do not think the system should be perverted to the extent that a person who is demonstrably fully informed must be granted a new trial simply because the trial judge did not engage in redundancy concerning the warnings to the defendants."

In *Turman v. State* (1979), Ind., 392 N.E.2d 483, at 489, Justice Pivarnik aptly observed in his dissent that:

"Surely we are indulging in nothing more than legal fictions and semantic gymnastics when we say in a circumstance such as this that the defendant did not plead guilty knowingly, intelligently, and voluntarily. Defendant was represented in court by a very experienced and very competent defense attorney.... We said in *Neeley v. State*, (1978) [269 Ind. 588] 382 N.E.2d 714, that the better practice would be for the trial courts in accepting guilty pleas to follow the language of Ind.Code (Burns 1975) § 35–4.-1–1–3 to the letter and therefore remove any and all questions regarding the defendant's knowledge of his rights and the voluntariness of his plea. We also said in the *Neeley* case and many other cited by the majority here that we will look to the entire record to determine whether under all the circumstances the defendant did enter his plea knowingly, intelligently and voluntarily, and further that we would not require the trial court to use the exact language of the Constitution or the statutes if, in fact, the record shows that the meaning was conveyed to the defendant." (Citations omitted.)

I would affirm the trial court's denial of appellant's petition for post-conviction relief.[2]

---

1. Now repealed. *See* IC 1971, 35–35–3–3(b) (1982 Burns Supp.).

2. This is not to say, however, that the record in the instant cause is without error. As noted above, the plea agreement, which was accepted by the trial court, called for executed sentences of ten and two years to be served consecutively. The trial court sentenced appellant to consecutive terms of eight and two years, respectively. This modification was beyond the discretion of the trial court. IC 35–5–6–2(b), *su-*

*pra; State ex rel. Goldsmith v. Marion County, etc.* (1981), Ind., 419 N.E.2d 109. I would therefore also remand this cause to the trial court with instructions to sentence appellant according to the terms of the plea agreement which he voluntarily entered.