Richard B. JOSEPH, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S407.

Supreme Court of Indiana.

Oct. 1, 1985.

Susan Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Richard B. Joseph entered a guilty plea to robbery, a class B felony, in the Ripley Circuit Court and was sentenced to a term of seventeen (17) years by the trial judge. He subsequently filed a petition for post-conviction relief pursuant to Ind.R.App.P. 4(A)(7) and Ind.R.P.C. 1, § 7. Said petition was denied by the trial court and Joseph now directly appeals.

Two issues are presented for our review in this direct appeal as follows:

1. error of the trial court in denying petition for post-conviction relief based on a finding that Joseph had knowingly waived his right to be represented by counsel; and

2. alleged failure of the trial court to advise Joseph before accepting his guilty plea of the effect of prior convictions on his sentence pursuant to Ind.Code § 35–4.1–1–3(d) (Burns Repl.1979) [repealed by Acts 1981, P.L. 298, § 9, effective September 1, 1982; amended and recodified as Ind.Code § 35–35–1–2].

We first note that in a proceeding for post-conviction relief, the petitioner has the burden of establishing his gounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. To prevail on appeal from the denial of his petition, the appellant must satisfy the court that the evi-

dence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Higgason v. State,* (1982) Ind., 435 N.E.2d 558; *Lagenour v. State,* (1980) Ind., 414 N.E.2d 295; *Sotelo v. State,* (1980) 273 Ind. 694, 408 N.E.2d 1215.

## I

Appellant Joseph entered a plea of guilty at an early stage in this cause which, he argues, implies the trial court did not adequately advise him as to what he was doing and that he was hurried into a conviction. The facts tend to show, however, that the early efforts of Defendant to enter a guilty plea were as much his own idea as the trial court's idea. He saw an advantage in an early conviction and sentence for this charge and in this county based on his interest in a female companion and charges against him in several other counties. Appellant had told the Sheriff at the jail that he was guilty of the robbery with which he was charged and wanted to plead guilty to it, but that he did not want his female companion to be charged as she was innocent. Although Appellant did not talk to the prosecuting attorney, there seemed to be an understanding that the matter would soon be discussed. Appellant was brought to the probable cause hearing where evidence was presented to the trial judge to support the State's request for a warrant against Appellant charging him with Class B robbery. The trial judge explained to Defendant his practice of having a defendant present during the probable cause hearings. He further informed Defendant that although the law does not require a defendant be present, by allowing him to be, a defendant can observe what transpires and participate if he desires.

Following the probable cause hearing, the trial judge found there was probable cause for the charging and arrest of Defendant and ordered a warrant for Defendant's arrest. After the warrant was served, the trial court immediately began a preliminary hearing. Again, the judge advised the defendant that this was done as soon as possible so that the defendant could be advised of what procedures he could expect as well as his rights and what he could do to protect himself. The judge further indicated to Defendant the hearing could be postponed upon request. Defendant indicated that he was willing to proceed immediately and that he wanted to plead guilty. The trial judge advised Defendant to all of his rights and the waivers involved in a guilty plea. He mentioned the fact that he was aware Defendant wished to plead guilty and to protect his female friend. The defendant stated this was true. Upon being questioned by the court, Defendant said he was not pleading guilty merely to protect his female friend, although he wanted to do that, but was pleading guilty because he was, in fact, guilty. The trial judge then asked the prosecutor what his intentions were with regard to the woman. The prosecutor stated he had not filed charges against the female and did not intend to if the defendant pleaded guilty. The judge, explaining to Defendant there were no charges pending against the woman and that no facts had been presented to him upon which he could make any finding to charge her, stated he would never approve a warrant for her arrest based on these charges. He advised the defendant, however, that the prosecutor, not the judge, decides what charges are brought against people and that he did not know whether or not other charges involving other crimes might be brought against the woman. The defendant stated he understood, yet was willing to plead guilty and be sentenced because he was, in fact, guilty. At the beginning and at several times during these discussions, the judge instructed the defendant in detail as to all of his rights and the waivers involved, including his right to a court appointed attorney to represent him at all stages if he was indigent. Defendant was asked whether he wanted to be represented by, advised by, or to consult with, an attorney, to which he responded in the negative. Defendant, informed that if he went ahead with the plea and sentencing he could cease at any time and consult with an attorney or

have one appointed for him, stated again he did not want to consult with an attorney or have one appointed but desired to proceed without an attorney. Three or four times during these proceedings Defendant stated he understood his right to an attorney and what an attorney could do for him, but that he desired to plead guilty and be sentenced without the help of an attorney. The defendant was instructed concerning his *Miranda* rights, was told the crime with which he was charged was robbery, a class B felony, and was advised as to the minimum and maximum penalties that could be imposed for that crime. When he informed the court he wished to proceed without counsel, the trial court put him under oath and questioned him in detail. Again he was asked whether or not he wanted to be represented by or consult with an attorney and he stated that he did not. He said he understood the maximum and minimum penalties, and in discussing them with the judge, portrayed his understanding that a class B felony carries a term of ten (10) years to which an additional ten (10) could be added or from which four years could be subtracted. Thus, the term could run from six to twenty (20) years. Defendant was also advised in detail that in pleading guilty he was waiving his right to a trial by jury, the right to be faced by the witnesses and to cross-examine them, the right to call his own witnesses, and was admitting as true all facts pleaded in the charges against him, thereby subjecting himself to being sentenced by the judges within the limits of the maximum and minimum penalties.

During these discussions, the defendant volunteered that he was wanted in several other counties for various charges including robbery, kidnapping and jailbreak. He stated he had escaped from two county jails, one of them because the prosecutor had indicated to him he was going to try several felonies separately so that Defendant could be found an habitual criminal. Defendant stated he had one felony conviction from 1975 and openly discussed with the trial judge the charges pending against him in other counties. By his discussions

he demonstrated he was well aware of the fact he could still be tried in those other counties on various charges, could be sentenced if found guilty on those charges, and could be found to be an habitual criminal if such applied at the time of his convictions. An examination of the transcript of the sentencing hearing shows that Defendant well understood his rights and the proceedings, and freely and voluntarily waived his right to counsel.

A person has the right to waive the assistance of counsel and represent himself provided it is shown that he does so of his own free will, knowing and understanding his constitutional right to be represented by counsel and that he is waiving that right. *Russell v. State*, (1978) 270 Ind. 55, 383 N.E.2d 309; *Nation v. State*, (1983) Ind., 445 N.E.2d 565 *reh. denied*. Defendant was advised at the outset that he had a right to be represented by an attorney and that if he were indigent, one would be appointed for him. Defendant stated he understood his right but wished to proceed without an attorney. On at least two other occasions during the proceedings he was asked if he wished to proceed without the assistance of an attorney and he indicated he understood his rights and did wish to proceed without representation. There was therefore ample proof that the defendant, of his own free will, knowingly and voluntarily waived his right to counsel. The trial court did not err in denying his petition for post-conviction relief on this ground.

## II

Defendant claims his guilty plea was fundamentally flawed for failure of the trial court at the time of the entry of his plea to advise him pursuant to Ind.Code § 35–4.1–1–3(d) concerning the possible effect of prior convictions on his sentence. Defendant does not deny that the trial court advised him of the effect of prior convictions, but claims the trial court did not do so prior to taking his guilty plea. The record shows that during the proceedings recounted

above, the trial judge told Defendant he would accept Defendant's plea of guilty. Afterwards, the judge advised Defendant that if Defendant desired he could be sentenced that day, but the law provided that there should first be a pre-sentence report prepared and furnished to the trial judge to be used by him in sentencing. After some discussion with Defendant, in which Defendant requested to waive the pre-sentence report, the trial judge stated he would sentence the defendant at that time but would order a pre-sentence report filed and reserve the right to examine it and reconsider the sentence based on anything contained therein. He advised the defendant that should there be some change based on the pre-sentence report, Defendant would be advised of it and brought back into court for reconsideration of his sentence. The defendant agreed to this procedure.

■ Following a discussion on the other crimes Defendant had committed in other counties, much of which was volunteered by the defendant in his open discussion with the judge, the prosecutor notified the judge that no formal plea of guilty had actually been taken. There were only general references in the record up to that point indicating the defendant's willingness to plead guilty and the judge's willingness to accept the plea. So, for the record, the trial judge asked Defendant how he did plea to the charges and Defendant entered a plea of guilty. Then the trial judge accepted the plea and proceeded with sentencing. The judge discussed at length with Defendant the specific language of Ind.Code § 34-4.1-1-3, in which the trial court was to consider the enumerated aggravating circumstances and mitigating circumstances that might be used in determining a sentence. The trial judge explained his finding as to each circumstance. One of these, of course, was Defendant's criminal record. After reviewing all of these criteria, the trial judge determined a sentence of seventeen (17) years, adding seven years for aggravating circumstances to the basic ten (10) year sentence. Defendant's response was he preferred receiving only ten (10) years. This Court determined in *German v. State,* (1981) Ind., 428 N.E.2d 234, *reh. denied,* that it is the duty of the trial court to comply strictly with the terms of Ind.Code § 35-4.1-1-3. However, it was held that the use of the exact statutory language was not required. *Garringer v. State,* (1983) Ind., 455 N.E.2d 335; *Romine v. State,* (1982) Ind., 431 N.E.2d 780. This Court has held that the requirements of Ind.Code § 35-4.1-1-3 are fulfilled when the trial court sufficiently conveys the meaning of the defendant's rights even though the court does not use the exact constitutional or statutory language. *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452; *Barfell v. State,* (1979) Ind. App., 399 N.E.2d 377. It is required only that the record of the advice to the defendant and the waiver be sufficiently clear to support the conviction of the defendant. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317. This Court held in *Neeley v. State,* (1978) 269 Ind. 588, 382 N.E.2d 714, that we will look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. The *Neeley* rule would be applied here since the sentencing in the instant case preceeded *German* and the stricter rule required by statute and mandated in *German* is to be applied prospectively only and not retrospectively. *Crocker v. State,* (1985) Ind., 475 N.E.2d 686 (remanded on other grounds). An examination of the entire record here makes it clear that Petitioner was fully advised and that he did understand his constitutional rights when he entered his guilty plea.

We note for clarification that the trial court granted Petitioner's specification II in his Motion to Correct Errors which raised the issue of the trial court originally sentencing the defendant prior to having filed and reviewed the pre-sentence report. The trial court then ordered the sentence set aside, ordered the up-dating of the pre-sentence investigation report originally filed with the trial court, and indicated that when the updating was completed he would set a new sentencing hearing. This hear-

ing is pending until the outcome of this appeal. That issue is therefore not before us at this time.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.