Robert E. SHERWOOD, Appellant,

v.

STATE of Indiana, Appellee.

No. 585S201.

Supreme Court of Indiana.

Nov. 22, 1985.

Susan K. Carpenter, Public Defender, Indianapolis, Sheila K. Zwickey, Sp. Asst. to

the Public Defender, Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of post-conviction relief. In September of 1979, the State of Indiana charged appellant with the offense of the murder of his wife. He was also charged with being an habitual offender. In the early stages of his prosecution, appellant requested the court appoint counsel. In response to the request, the court appointed Logansport attorney John O'Neill.

Subsequently, appellant, through his attorney, interposed a defense of Not Guilty by Reason of Insanity. Pursuant to statute, the court appointed two psychiatrists to examine appellant. Their examination resulted in reports by each that, in their opinion, appellant was competent to stand trial and that he was able to appreciate the wrongfulness of his conduct at the time of the alleged murder. As a result of the reports of the psychiatrists, appellant withdrew his plea of insanity.

As the State was calling the first witness in the trial, the city of Logansport suffered a power loss that left the courthouse without power for the entire day necessitating a recess. Following the recess, the State and defense counsel informed the court they had arrived at a plea agreement. One of the conditions of the agreement was that the court would recommend to the Department of Correction that appellant serve his time in a mental hospital rather than a penal institution. The trial court advised appellant and counsel that he could make such a recommendation but that it would not be binding on the Department of Correction. He correctly stated that it would be up to the Department to make the final determination as to where appellant would be incarcerated.

An examination of the record in this case discloses that Judge Morton's handling of the plea of guilty is a model of judicial competence and reflects the judge's complete understanding of the law applicable to the situation.

■ Appellant claims the trial court erred by not making a sufficient inquiry into his competency to plead guilty. In addition to the reports of the two psychiatrists who had examined appellant, the court conducted a lengthy hearing in which he inquired of appellant as to his condition, including ascertaining the fact that appellant was taking two types of medication at the time. He was taking one placidyl pill in the evening to induce sleep and was taking librium during the day to control his nerves. He stated to the court that he had taken his sleeping pill the evening before the hearing and had taken the librium prior to coming to court. Appellant stated to the court that he did not feel the medication had any adverse affect on him as far as his appearance in court was concerned. The trial court questioned appellant at length during these proceedings in an obvious effort, among other things, to determine appellant's mental ability.

The test for mental competency is whether appellant possessed sufficient ability to confer with his counsel and the ability to understand the proceedings against him. *Ritchie v. State* (1984), Ind., 468 N.E.2d 1369. Where, as in the case at bar, the appellant has been determined to be competent to stand trial and no event has occurred to indicate a change thereafter, there is no requirement for an additional competency hearing. *Like v. State* (1981), Ind.App., 426 N.E.2d 1355. The mere fact that appellant was, at the time, taking medication for his personal condition does not render him incompetent to appear in court nor *per se* unable to knowingly and intelligently enter a plea. *McKrill v. State* (1983), Ind., 452 N.E.2d 946. The record in this case indicates that not only was the trial court's examination of appellant adequate, but it is a model of correct conduct on the part of a trial court under the circumstances. The trial court did not err in the manner in which it conducted the hear-

ing to determine the competency of appellant to enter a plea of guilty.

█ Appellant contends the trial court erred in finding that his court-appointed counsel was competent in his representation. He first contends his counsel demonstrated incompetence in that he permitted him to enter a plea of guilty on the representation that he would receive a forty (40) year term of imprisonment in a psychiatric facility. The record in this case clearly demonstrates that appellant was correctly advised concerning this situation. He was specifically told that such a recommendation would be made by the trial court, but that such recommendation was not binding on the Department of Correction. The trial court did in fact make the recommendation as represented by appellant's counsel. The fact, if it be a fact, that appellant is not now incarcerated in such a facility does not reflect any incompetence on the part of the trial counsel.

█ Secondly, appellant claims his trial counsel only came to see him two or three times and only spent about ten minutes with him on each visit. This evidence was directly contradicted by Mr. O'Neill, who testified that he saw appellant at least ten different times during the pendency of the cause, that he met at length with appellant concerning the possibility of his plea agreement and that in response to appellant's request he was successful in obtaining the recommendation from the trial court that appellant be permitted to serve his time in a psychiatric facility. He further pointed out that he felt, due to the report of the two examining psychiatrists, any attempt at a plea of Not Guilty by Reason of Insanity would be fruitless. We find the evidence in this record clearly supports the trial court's decision that counsel furnished competent representation on behalf of appellant.

Appellant claims the trial court erred in finding his plea of guilty was entered in compliance with Ind.Code § 35–4.1–1–3. In the case of *German v. State* (1981), Ind., 428 N.E.2d 234, the above statute was strictly construed, requiring a much stricter standard of performance on the part of a trial court in the acceptance of a plea of guilty than had previously been required. The plea in the case at bar was entered prior to *German.*

█ In *Williams v. State* (1984), Ind., 468 N.E.2d 1036, this Court held that the standard set forth in *German* was to be applied prospectively only and that cases occurring before that time were to be determined under the standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. The record in this case contains a lengthy and learned statement of the law in this regard. He makes a complete evaluation of the above-cited cases and correctly applies the principles therein to the case at bar.

█ Appellant claims the record shows that at no time was he specifically advised of any possible increased sentence due to any prior convictions. However, the record shows that appellant was advised of the maximum and the minimum sentence that could be rendered in his case and was told that if he had prior felony convictions they would affect his sentencing. We find the record in this case to be wholly adequate in this regard.

█ Appellant claims the sentence imposed by the trial court was manifestly unreasonable in light of the nature of the offense and the character of the offender. Initially, we would point out that appellant did in fact receive the presumptive sentence of forty (40) years for the crime involved. His sentence was neither increased nor decreased. The trial judge went into both aggravating and mitigating circumstances and determined that although both aggravating and mitigating circumstances existed, they tended to cancel out; therefore, he entered a sentence for the presumptive term. The trial court has wide discretion in sentencing. *Zachary v. State* (1984), Ind., 469 N.E.2d 744. In sentencing appellant to the presumptive sentence, the trial judge did not abuse his discretion when he stayed within the statutory limits and considered both aggravat-

ing and mitigating factors. *Jones v. State* (1981), Ind., 422 N.E.2d 1197.

The trial court is in all things affirmed.

All Justices concur.