**Robert Cecil PATTERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S252.

Supreme Court of Indiana.

April 14, 1986.

**198**

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Robert Cecil Patterson was charged, by information, with murder. On October 22, 1981, he entered a plea of guilty as charged pursuant to a plea agreement. A hearing was held and the plea agreement was accepted. Appellant was sentenced to forty (40) years. Subsequently, Appellant filed a Petition for Post-Conviction Relief, which petition was denied. He now appeals that denial and raises the issue whether his guilty plea was entered knowingly, intelligently, and voluntarily. Specifically, Appellant contends the trial court failed to inform him that by pleading guilty he was admitting the truth of the allegations; he further contends the court failed to inform him that his sentence could be aggravated by the existence of prior convictions.

In a post-conviction proceeding, the burden rests with the petitioner, Appellant, to establish his grounds for relief by a preponderance of the evidence. The trial court's decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295; Ind. R.P.C. 1, § 5.

Since Appellant pleaded guilty and was sentenced prior to December 3, 1981, this case is governed by *Neeley v. State* (1978), 269 Ind. 588, 596, 382 N.E.2d 714, 718, wherein we held that the entire record should be used to determine if the petitioner was fully advised of and understood his constitutional rights. *Joseph v. State* (1985), Ind., 483 N.E.2d 32, 35. The record of the guilty plea hearing shows that the trial court read the charge that Appellant did knowingly kill Kathy Sanford by striking and strangling her and by cutting and stabbing at her body with a sharp, metal object, thereby inflicting mortal wounds. The court then read our statute defining murder and setting forth the penalty. The court explained twice that the presumptive sentence was forty (40) years, with not more than twenty (20) years added for aggravating circumstances, or not more than ten (10) years subtracted for mitigating circumstances. Appellant stated that he understood not only the statutes, but the information as well. He then proceeded to plead guilty to these facts, and stated on two occasions that he understood the

State's burden of proof and the constitutional rights he was waiving. Appellant further stated his plea was being made freely and voluntarily. Finally, the plea agreement contained the following statement:

"7. The Defendant states to the court that he knows that by entering a plea of guilty he is admitting the truth of all facts alleged in the information or indictment or to any offense included in it...."

This evidence, when considered as a whole, supports the trial court's finding that Appellant knew he was admitting the truth of the facts contained in the allegations.

As stated above, the trial court informed Appellant on at least two occasions that the presumptive sentence was forty (40) years, and could be aggravated to sixty (60) years or decreased to thirty (30) years. Appellant was aware of the maximum penalty he could ever have received. His only convictions included one each for speeding and public intoxication. It is highly unlikely that a court would be allowed to enhance a murder sentence based on a single prior infraction and misdemeanor. Furthermore, we note that the trial court did not enhance the sentence, nor is there any mention of the court's considering the prior convictions. Under the standard set forth in *Neeley* we find no error in the sentence Appellant received.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.