**Leroy HUBBARD, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 85S02–8610–PC–929.

Supreme Court of Indiana.

Oct. 30, 1986.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellee State of Indiana seeks transfer from a decision of the Court of Appeals, which reversed the trial court's denial of Leroy Hubbard's petition for post-conviction relief. We grant transfer and affirm the judgment of the trial court.

Hubbard's petition alleged that his plea was not voluntary and intelligent because the trial court failed to inform him of the possibility of any increased sentence by reason of prior convictions and the possibility of any consecutive sentences, and that the court was not a party to the agreement and was not bound thereby. Ind. Code § 35–4.1–1–3.

In 1976, while awaiting trial on charges of second degree burglary and safe burglary, Hubbard was arrested again and charged with two counts of delivery of a controlled substance. He subsequently entered into a written plea agreement with the prosecutor. The agreement provided that he would plead guilty to safe burglary in return for a recommended sentence of five to ten years and plead guilty to one count of delivering a controlled substance in return for a recommended sentence of five years. The sentences were to be served concurrently. The prosecutor agreed to dismiss the other pending charges.

Hubbard did plead guilty and the trial court set the matter for final disposition pending completion of a pre-sentence report. On the morning of sentencing, the judge indicated to the parties that he would not accept the plea agreement because it provided for the imposition of concurrent sentences under circumstances requiring consecutive sentences. Ind. Code § 35–50–1–2. The court informed Hubbard that rejection of the recommendation concerning sentence would give him the opportunity to withdraw his plea of guilty and go to trial.

The parties renegotiated the plea bargain that same day and submitted an amended version which called for a two-year sentence for delivery of a controlled substance to be served consecutive to the sentence for safe buglary. The court accepted this amended agreement and imposed sentences accordingly.

■ The record reveals that Hubbard was adequately advised of the possibility of consecutive sentences and that the court was not a party and not bound by the agreement which had been submitted. The court's rejection of the agreement was in fact an explanation to the defendant that consecutive sentences were not only possible but mandatory. It also made Hubbard "painfully aware that the court was not bound by the terms of the plea agreement," to use the phrase from Hubbard's brief.

Thus, we are left only with Hubbard's claim that the failure of the trial judge to advise him of the possibility of any increased sentence by reason of prior convictions. Hubbard does not claim that he did not know that prior convictions might lead to a higher sentence, he only argues that failure to advise him of same renders his plea involuntary and unintelligent. Simple ommission of an advisement does not constitute sufficient evidence, standing alone, to render a plea involuntary and unintelligent unless there appears some connection between this piece of information and the defendant's decision to plead guilty. *White v. State* (1986), Ind., 497 N.E.2d 893.

■ The transcript of the hearings at which Hubbard pleaded and was sentenced and Hubbard's own testimony at the post-conviction hearing constitute the evidence in this case. Assessing that evidence, the post-conviction court concluded that Hubbard had failed to carry the burden of proof which is his. Rule PC 1, Sec. 6, Ind. Rules of Procedure for Post-Conviction Relief. We will not set aside such a determination unless the evidence points unerringly to a conclusion different from the one reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. Here, there was substantial evidence from which the post-conviction court could reach its conclusion.

Accordingly, the State's petition for transfer is granted and the judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The pleas of guilty were accepted on January 21, 1977, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d 97. However, the majority does not review appellant's claim that he had not been advised according to the mandate of I.C. 35–4.1–1–3 of the possibility of an increased sentence by reason of prior convictions, by the use of such totality of the circumstances standard, therefore making clear that the *Neeley* holding insofar as it applies in enforcing the state legal requirements of the statute, has been overruled as well. For the reasons stated in my dissent in *White v. State, supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, and *Reid v. State* (1986), Ind., 499 N.E.2d 207, I would hold that the *Neeley* standard applies here, and reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the guilty pleas.