929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary JACKSON, Petitioner-Appellant,
v.
Thomas RICHARDS and Indiana Attorney General, Respondents-Appellees.
 No. 89-1897.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided April 1, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 88-C-605, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Gary Jackson filed a petition for a writ of habeas corpus in the district court, challenging the constitutionality of his guilty plea. The district court held that any error in the acceptance of the plea was harmless, and denied the writ.
 
 
 2
 On November 23, 1983, Jackson pleaded guilty to attempted murder. Pursuant to the plea agreement, the state agreed to dismiss a charge of criminal deviate conduct and a habitual offender charge. The agreement also provided that Jackson would be sentenced to a term of twenty years for the attempted murder. At the time of the plea, judges in Indiana were bound by the terms of the plea agreement if they accepted the guilty plea. The judge informed Jackson that the charge of attempted murder carried a minimum sentence of twenty years and a maximum of fifty years, with a standard term of thirty years. The judge also informed Jackson that if the court accepted the guilty plea it would be bound by the recommended sentence of twenty years. The court then accepted the plea, and subsequently imposed the agreed sentence of twenty years.
 
 
 3
 Jackson challenges the plea based upon the court's failure to inform him that the sentence could be enhanced by his prior convictions. The prior convictions theoretically could have affected Jackson's sentence either as an aggravating factor that would warrant the fifty-year maximum for attempted murder or through a habitual offender charge. The latter possibility was precluded by the state's agreement not to pursue the habitual offender charge. The former scenario was also inapplicable to this plea because the court stated that it was bound by the twenty-year sentence recommended in the plea agreement. Accordingly, Jackson is not claiming that any information relevant to his plea was omitted by the court, and thus has failed to demonstrate that his guilty plea was not knowing, intelligent and voluntary. See Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 4
 The essence of Jackson's claim appears to be that the court violated Indiana law by not informing him that prior convictions may enhance a sentence. Under Indiana law at the time of the guilty plea, the court was required to inform the defendant of that possibility even if no such enhancement was possible in the defendant's case. The Indiana Supreme Court had held that failure to comply with the requirements of Ind.Code Sec. 35-35-1-2 (Burns 1983 Supp.), constituted reversible error, and could not be considered harmless. German v. State, 428 N.E.2d 234 (Ind.1981) (overruling Neely v. State, 382 N.E.2d 714 (Ind.1978), which had applied a looser standard). On Jackson's post-conviction petition, the court nevertheless held that the violation was harmless. While Jackson's appeal from that order was pending, the Indiana Supreme Court overruled its earlier decision and adopted a standard similar to the constitutional standard applied in federal courts. White v. State of Indiana, 497 N.E.2d 893 (Ind.1986). In accordance with the new standard, the decision was affirmed. Jackson asserts that this retroactive application of a new standard violated his constitutional rights.
 
 
 5
 Initially, we note that errors by Indiana courts in the application of their own law are not cognizable in an action for a writ of habeas corpus. Jackson's claim is therefore limited to his assertion that the state's change in law deprived him of due process or violated the constitutional prohibition against ex post facto laws. See Smith v. Phillips, 455 U.S. 209, 221 (1982); Jones v. Thieret, 846 F.2d 457, 459-61, (7th Cir.1988). The Ex Post Facto Clause is not directly applicable to Jackson's claim because it applies only to a retroactive change by the legislature. Jones, 846 F.2d at 460; Bouie v. City of Columbia, 378 U.S. 347, 353 (1964). "[A]n equally retroactive substantive change by the courts violates the Due Process Clause." 846 F.2d at 460.
 
 
 6
 In this case, the change in law by the Indiana courts was procedural, rather than substantive. Under the prior law in Indiana, the failure of a court to read all the advisements required reversal because the omission was presumed to affect the knowing, voluntary and intelligent nature of the plea. That presumption operated even if the advisement omitted had no relevance to the particular plea at issue (as in this case). In White, the Indiana Supreme Court adopted a standard which was more closely tied to the constitutional rights at issue; a plea would be reversed only if the defendant could demonstrate that the omission affected the underlying issue of knowing, voluntary, and intelligent acceptance. This change did not alter the substantive right accorded the defendant--that a guilty plea only be accepted if knowing, intelligent and voluntary. Instead, it changed the manner in which a violation of that right was proven. Such a procedural change in state law does not constitute a due process violation.
 
 
 7
 Finally, Jackson challenges the constitutionality of his post-conviction proceeding because the judge in that proceeding was the chief probation officer for Jackson's plea and because the judge put Jackson on the stand to determine whether Jackson was prejudiced by the error in the plea acceptance. The state contends that this claim is waived because not asserted properly in state court, and we agree.[1] The Indiana appellate court explicitly held that the issue was waived, and that statement precludes review of the claim in a habeas petition. See Harris v. Reed, 489 U.S. 255 (1989).
 
 
 8
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record
 
 
 [1]
 We note that the state's discussion of waiver in the district court only barely preserved the issue for appeal. We emphasize that arguments must be developed and supported to some extent in order to be properly raised. The mere acknowledgement of the possibility of procedural default is not enough