**William C. HARRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8701–PC–106.

Supreme Court of Indiana.

April 6, 1988.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition.

The facts are: In March of 1976, appellant was charged with two counts of First Degree Murder. In May of 1976, that cause was consolidated with two other pending causes and trial was commenced on May 13, 1976. After the first witness had testified, appellant entered into a plea agreement with the State in which it was agreed that appellant would enter a plea of guilty to one count of First Degree Murder. The State would dismiss the count for which appellant could be sentenced to death and would dismiss the two other felony cases pending against appellant.

In his petition for post-conviction relief, appellant alleges that his plea of guilty was not made knowingly, intelligently, and voluntarily because it was a result of threats made against him and because the court failed to inform him of any possible increased sentence by reason of a prior conviction or convictions, failed to inform him of any possibility of consecutive sentences, and failed to inform him that the court was not a party to any agreement which may have been made between the prosecutor and the defense and was not bound thereby.

Appellant claims the trial court erred in finding that he entered his plea of guilty in a knowing, voluntary, and intelligent manner; the record in this case, however, clearly indicates the contrary. In his findings of fact and conclusions of law following the post-conviction hearing, the trial judge correctly points out that the petitioner was informed of the penalty for murder in the first degree, to which he was entering his plea of guilty, and was informed that a sentence of life imprisonment was what he would receive, neither more nor less.

The trial court correctly observed that the existence of prior convictions could not bear directly on the sentence to be imposed on appellant. Thus, the failure to inform appellant of the aggravating effect of prior convictions was without consequence. The court found that because there was no possibility of sentencing appellant to consecutive sentences, the failure to so advise him was harmless. The court further observed that because the terms of the plea agreement were followed by the court and because the petitioner received the full benefit of his agreement it was harmless error for the court to fail to inform appellant that the court was not a party to any agreement which was made between the prosecutor and appellant.

Appellant presents an argument which we have decided in several prior cases; that is, whether the principles set forth in *German v. State* (1981), Ind., 428 N.E.2d 234, or in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, or in *White v. State* (1986), Ind., 497 N.E.2d 893, should be applied. Although in past cases it has been necessary to determine which of these standards should apply in a given factual situation, such is not true in the case at bar. Here, the appellant could not prevail no matter which of these standards we would apply to the set of facts in this case. As correctly pointed out by the trial judge, the failure to meet the standards set forth in *German* or possibly even those set forth in *Neeley* does not give rise to any relief in this case. As above set out, there was no possibility of consecutive sentences, no possibility of an enhanced sentence by reason of past convictions, and appellant received the full benefit of his plea agreement.

Appellant also claims the court erred in its finding regarding his allegation that his plea was entered because of threats against him. This matter was fully explored by the trial court during the guilty plea hearing. During that hearing, appellant informed the trial court that others involved had conveyed messages to him through other prisoners that they expected him to accept the blame for the crimes. The trial judge thoroughly interrogated appellant as to whether such messages in any way induced him to enter his plea of guilty, to which appellant replied that they did not. Thus, in the record before the trial judge, it was clearly demonstrated that this matter had been put to rest.

The trial court did not err in denying post-conviction relief. The judgment is therefore affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.