917 F.2d 26
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. HARRIS, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Respondent/Appellee.
 No. 89-3616.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 25, 1990.
 
 Before CUMMINGS, and POSNER, Circuit Judges, and PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner William Harris filed a section 2254 habeas corpus petition in the district court, alleging that he was coerced into pleading guilty to murder and that the trial judge failed fully to inform him of his rights. The district court denied the petition, and Harris now appeals.
 
 I.
 
 2
 Harris was charged with first and second degree murder, arson, and robbery. After the first witness testified at trial, Harris pleaded guilty to the first degree murder charge under a plea agreement whereby the State sought life imprisonment instead of the death penalty. At his guilty plea hearing, the trial judge specifically and explicitly questioned Harris on the voluntariness of his plea, informed him of the rights he was waiving, and established that a factual basis existed for the plea. Harris mentioned that his co-defendants had asked him to "take the weight and not testify against" them. The court asked if this was a threat or if this induced Harris to plead guilty, and Harris answered in the negative. Harris was sentenced to life if prison; he did not appeal.
 
 
 3
 Six years after his trial and sentencing, Harris brought a post-conviction petition in state court. In his petition, Harris alleged (1) that the trial court failed to inform him that the court could impose consecutive sentences, that the court could impose a higher sentence for prior convictions, or that the court was not bound by the terms of the plea; and (2) that he had been coerced into pleading guilty by the possibility of receiving a death sentence and by threats from his co-defendants. Counsel was appointed to represent Harris, and a hearing was held on the petition; the court issued written findings of fact and conclusions of law.
 
 
 4
 The state court found that the first set of allegations was harmless since Harris did not receive either a consecutive or enhanced sentence, and the plea agreement was followed to the letter. On the second allegation, the court found that Harris did not plead guilty as a result of threats or coercion.
 
 
 5
 The Indiana Supreme Court affirmed the court's findings of fact and conclusions of law in Harris v. State, 520 N.E.2d 1263 (Ind.1988). Harris then filed his section 2254 petition in federal district court. The district court held that the findings of the state court were entitled to a presumption of correctness which Harris failed to rebut, and that even under its own independent examination Harris' claims were meritless.
 
 II.
 
 6
 On appeal, Harris focuses on the claim that he was coerced into pleading guilty. Under 28 U.S.C. Sec. 2254(d), "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct." See also Sumner v. Mata, 449 U.S. 539 (1981). While exceptions exist to this presumption of correctness, Harris does not invoke any of them. The state court, after a hearing at which Harris was represented by counsel, specifically found that Harris was not coerced into pleading guilty. This finding was amply supported by Harris' own statement at the plea hearing that his co-defendants' message did not force him to plead guilty.
 
 
 7
 In addition, there is no evidence in the record that Harris was "so gripped by fear of the death penalty ... that he did not or could not ... rationally weigh the advantages of going to trial against the advantages of pleading guilty." Brady v. United States, 397 U.S. 742, 750 (1970). On the contrary, once Harris saw the weight of the evidence against him (in the form of the first witness' testimony), he chose an entirely rational option in pleading guilty to avoid an ever more likely death sentence. Cf. Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978) (no constitutional violation found where prosecutor "openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution").
 
 
 8
 As the district court concluded, an independent review of the record suggests that the factual determination of the state court was fairly supported. 28 U.S.C. Sec. 2254(d)(8).
 
 
 9
 The denial of Harris' habeas corpus petition is, therefore, AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record