George Roger DUVALL, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 284S66.

Supreme Court of Indiana.

Oct. 29, 1986.

John B. Wilson Jr., Bean Blossom, for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

In 1980, appellant George Roger Duvall entered a guilty plea to the charge of robbery, a class B felony, pursuant to plea negotiations. He was sentenced to ten years in prison in accordance with the plea agreement. He later filed a petition under Rule PC 1, Ind. Rules of Procedure for Post-Conviction Remedies. This appeal arises from the trial court's denial of that petition. We affirm.

■ Duvall, as the petitioner, bore the burden of proving his allegation that the 1980 plea was involuntary and unintelligent. He now stands in the shoes of one seeking review of a negative judgment as he appeals from the denial of a post-conviction petition. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of the witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

Duvall claims his guilty plea was not knowing, intelligent and voluntary because the trial court failed to advise him, pursuant to Ind.Code § 35–4.1–1–3, (1) of the minimum sentence that he could receive; (2) of the possibility of consecutive sentences; and (3) that the trial court was not a party to any plea agreement and was not bound thereby.[1]

■ In reviewing a claim that a plea was not made voluntarily and intelligently, we examine all the evidence before the court which heard his post-conviction petition, including any plea agreements which are part of the record. The petitioner must plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with the statute rendered his decision involuntary or unintelligent. A petitioner who asserts

---

1. Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) has been repealed and replaced by Ind.Code § 35–1–2 (Burns 1985 Repl.).

such a claim but can only establish that the trial judge failed to give an advisement required by statute has not met his burden of proof. *White v. State* (1986), Ind., 497 N.E.2d 893.

 During the guilty plea hearing, the trial court did not mention the possibility of consecutive sentences or the minimum sentence which Duvall could receive. The court also used arguably ambiguous language to advise Duvall that the court was not a party to the plea agreement and not bound thereby. However, the text of the plea agreement which Duvall signed made clear that the court was not bound by the plea agreement and that Duvall would likely receive a consecutive jail term.

The plea agreement and a transcript of the guilty plea hearing were the only evidence presented at the post-conviction proceedings. The transcript of the hearing at which Duvall pleaded guilty contains lengthy discussions between appellant and the trial judge concerning such matters as the nature of the charge and the voluntariness of the decision to plead. As against this evidence Duvall cites only the technical failure to follow all the mandates of the Code. The evidence before the post-conviction court was adequate to sustain the conclusion that Duvall failed to sustain his burden of proof.

The judgment of the post-conviction relief court is affirmed.

GIVAN, C.J., PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted in 1980, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the state with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d 97. However, the majority does not review appellant's claim that he had not been advised of the minimum possible sentence for the charge of robbery as required at the time by I.C. 35–4.1–1–3(d), by the use of such totality of the circumstances standard, therefore making clear the the *Neeley* holding, insofar as it applies in enforcing the state legal requirements of the statute, has been overruled as well. For the reasons stated in my dissent in *White v. State, supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, *Reid v. State* (1986), Ind., 499 N.E.2d 207; I would hold that the *Neeley* standard applies here, and reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty and make a new plea.