**Ray M. LETSON, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

No. 79S02–8611–PC–1009.

Supreme Court of Indiana.

Nov. 26, 1986.

Rehearing Denied Feb. 2, 1987.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Ray Letson filed a petition for post-conviction relief seeking to set aside his pleas of guilty. The trial court denied the petition. The Court of Appeals reversed, finding that the pleas had not been given voluntarily and intelligently. *Letson v. State* (1985), Ind. App., 483 N.E.2d 74 (mem.). We grant transfer to affirm the trial court.

In late 1981, Letson resided in the Tippecanoe County jail awaiting trial on a charge of attempted murder. As the result of an altercation in the jail, the State filed additional charges of attempted battery while armed with a deadly weapon, resisting law enforcement, intimidation while armed with a deadly weapon, and two counts of battery on a law enforcement officer.

After plea bargaining with the prosecutor, Letson pled guilty to attempted voluntary manslaughter, attempted battery while armed with a deadly weapon, and intimidation while armed with a deadly weapon. The State dismissed the remaining charges in accordance with the plea agreement.

■ Letson's petition for post-conviction relief alleges that his decision to plead guilty was involuntary and unintelligent because the trial judge did not inform him of the possibility of the imposition of increased sentences by reason of prior convictions as required by Ind. Code § 35–4.1–1–3(d), which has since been repealed and replaced by Ind. Code § 35–35–1–2(a)(3).

As the petitioner, Letson bore the burden of proving his allegation. He now stands in the shoes of one seeking review of a negative judgment as he appeals from the denial of a post-conviction petition. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of the witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

To prove his allegations, Letson offered the transcripts of the hearings at which he pled guilty and at which he was sentenced. They revealed extensive discussions between Letson and the trial judge concerning the nature of the charges to which he was pleading, the rights which he was waiving by doing so, and the voluntariness of his decision. Assessing this evidence, the court hearing the post-conviction proceeding concluded that Letson had not sustained his burden of proof. There was a substantial basis for this finding. Pleading and proving a trial court's technical violation of the statute on guilty pleas does not satisfy a petitioner's burden. *White v. State* (1986), Ind., 497 N.E.2d 893.

■ Letson's petition also sought to set aside his conviction for attempted battery on the grounds that there was an inadequate factual basis for it.

The events underlying the charge of attempted battery occurred when Letson was in jail awaiting trial. He requested some matches and permission to make a phone call and begin making loud noises when neither was forthcoming. He also began throwing urine on police officers who passed his cell. The jail commander decid-ed to move him to another cell. Letson refused, grabbed a sharpened pencil in each hand, and shouted, "You want me to move, you come in and get me." He was finally subdued by the officers, with the help of a dog.

Letson now argues that the trial court took his plea although he continued to maintain his innocence of attempted battery, in violation of the rule announced in *Ross v. State* (1983), Ind., 456 N.E.2d 420. This argument rests on statements made during the guilty plea hearing that Letson had never managed to take a swing at anyone with the pencils. He told the court that he "didn't have a chance to swing the pencils" because the dog had grabbed one hand and an officer grabbed the other. Nevertheless, Letson affirmed his desire to plead guilty and the trial court found that there was an adequate factual basis. This ruling was correct. It was not necessary that Letson actually take a swing at someone in order to have engaged in conduct that "constitutes a substantial step toward commission of the crime." Ind. Code § 35–41–5–1 (Burns 1985 Repl.). His acts of arming himself and daring officers to come in after him satisfied this requirement.

Accordingly, the State's petition for transfer is granted. The decision of the Court of Appeals is vacated and the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, Justice, dissenting.

The plea of guilty was accepted on December 15, 1981, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893.

For the reasons stated in my dissent in *White v. State supra,* I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.

Ind. Code § 35–4.1–1–3(d) (Burns Ed., Repl. 1979) requires the judge to inform the defendant "of any possible increased sentence by reason of the fact of a prior conviction or convictions ..." The trial court here did not so advise appellant Letson, and consequently failed to "... meet an absolute prerequisite to the acceptance of the guilty plea." *Linthicum v. State* (1984), Ind., 465 N.E.2d 701. This record reasonably supports the conclusion that Letson did have a record of prior convictions. Under such circumstances, I continue to regard it as imperative to vigorously enforce the requirements of the statute.