**Donald L. STEWART, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 585S219.

Supreme Court of Indiana.

March 26, 1987.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from denial of a petition for post-conviction relief. On May 5, 1983, appellant, pursuant to a plea agreement, pled guilty to attempted burglary, a class B felony, in Marion County Superior Court, Criminal Division VI. This appeal stems

from denial of that petition. The plea agreement provided that the State would dismiss a class D theft charge and would recommend appellant receive an executed sentence of twelve years imprisonment, to be served concurrently with another twelve year sentence expected pursuant to a plea agreement in Marion County Superior Court, Criminal Division IV.

The sole issue presented is whether the trial court erred in finding that appellant's plea of guilty was entered knowingly, intelligently and voluntarily, in view of the fact he was not advised at the time of his guilty plea of the possibility of an increased sentence due to prior convictions and of the possibility of consecutive sentences, pursuant to I.C. § 35-35-1-2.

The record clearly demonstrates that these advisements required by statute were not given.

Appellant contends that the post-conviction court erred in it's determination because it not only considered the transcript of the guilty plea and sentencing hearing under this cause number but also admitted into evidence and considered the transcript of appellant's guilty plea hearing in Criminal Court IV. Appellant asserts the judge's determination that his guilty plea was knowing, intelligent and voluntary was impermissibly based upon the complete advisement appellant received in Criminal Court IV, five days prior to the plea in this case, rather than the faulty advisement in Criminal Court VI.

The majority decision of this Court in *White v. State* (1986), Ind., 497 N.E.2d 893 makes it irrelevant whether or not the judge considered the advisement from Criminal Court IV or relied solely upon the Criminal Court VI record. As stated in *White, supra:*

"A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35-35-1-2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-1-2(a) rendered his decision involuntary or unintelligent."

The writer of this opinion dealing with the rights of Donald Stewart dissented to the above holding in the *White* case and subsequent related cases. As this case deals with advisements required by the statute and not expressly the federal constitution, I deem myself bound now and hereafter so long as a majority of this court is persuaded to follow this new course, through the doctrine of *stare decisis,* to apply the new holding.

Applying the *White* standard, it is apparent that appellant Stewart has not demonstrated that the omission of these advisements materially impacted upon his decision to plead guilty. In order to prevail, appellant must prove that any erroneous or omitted advisements, if corrected, would have changed his decision to make the plea. *Holliday v. State* (1986), Ind., 498 N.E.2d 1239. Given the *White* standard, the fact that appellant entered into an identical plea agreement in Criminal Court IV after receiving full advisement of his rights is counter to his burden of proof as it would tend to support a determination that appellant would not have altered his decision had he been fully advised.

The denial of the petition for post-conviction relief arising from this guilty plea is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.