**Dennis MURPHY, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

No. 75A03–8603–PC–81.

Court of Appeals of Indiana,
Third District.

May 20, 1987.

Susan Carpenter, Public Defender, Kathleen A. Leseur, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

This is an appeal from a denial of a petition for post conviction relief. The petitioner, Dennis Murphy (Murphy), claims that the trial court failed to orally advise him that any prior convictions could be used to increase his sentence, and that if the court accepted his guilty plea it would be bound by it. Even though these advisements were set forth in a written plea agreement that Murphy signed, he now contends that his 1982 guilty plea should be vacated because it was not made voluntarily or intelligently pursuant to Ind.Code 35–35–1–2 (Burns' 1986).

The issue raised in this appeal is which standard of review should be applied to the review of a 1982 guilty plea; the strict statutory compliance standard from *German v. State* (1981), Ind., 428 N.E.2d 234, *reh. den.*, or the less technical standard set down in *White v. State* (1986), Ind., 497 N.E.2d 893 (petitioner must prove that an omitted advisement, if given, would have changed the decision to make the plea).

■ Although Murphy argues that *White* should not be applied to petitions denied prior to September 10, 1986, the date *White* was decided, the Indiana Supreme Court has held otherwise. *Letson v. State* (1986), Ind., 500 N.E.2d 207, *reh. den.; Duvall v. State* (1986), Ind., 499 N.E.2d 222. In those cases, Justice DeBruler argued in dissent that *White* should not be applied retroactively. That view, however, remains a minority one and, so long as the majority applies *White* to review pleas entered prior to September 10, 1986, we are bound by the doctrine of *stare decisis* to do the same. *Stewart v. State* (1987), Ind., 505 N.E.2d 61. Consequently, Murphy's guilty plea will be reviewed pursuant to the standard set down in *White.*

■ In deciding whether a plea was made voluntarily and intelligently, we will review all the evidence and testimony from the post conviction court, the transcript of the original sentencing, and any plea agreements or other exhibits which are part of the record. Too, the petitioner Murphy must demonstrate that the omission of the required advisements materially impacted upon his decision to plead guilty. *White, supra,* 497 N.E.2d at 905. Merely pleading and proving a technical violation of the statute on guilty pleas does not satisfy the petitioner's burden of proof. *Letson, supra,* 500 N.E.2d at 208. The petitioner must plead specific facts from which the finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to give the statutory advisements rendered the petitioner's decision involuntary or unintelligent. *Duvall, supra,* 499 N.E.2d at 223.

We will reverse the trial court which heard the post conviction proceeding only when the evidence is without conflict and leads inescapably to a result other than that reached by the post conviction court. *Letson, supra,* 500 N.E.2d at 208.

In the instant case, Murphy only refers us to the transcript of the guilty plea hear-

ing and argues that two statutory advisements were not clearly conveyed to him: that there was the possibility of an increased sentence due to prior convictions; and that the court would be bound by the plea agreement if it was accepted.

■ The State, however, points out that these advisements were part of the written plea agreement in which the charge of Attempted Murder, a class A felony, was reduced to Battery by Means of a Deadly Weapon, a class C felony. Under *White,* this plea agreement is part of the entire record that the post conviction court can consider in determining if the plea was made voluntarily and intelligently. The written plea agreement also contained a recommended sentence. Since Murphy's sentence was based upon the plea agreement, and that agreement would be binding if accepted by the court, an advisement on the possible effect of prior convictions would not be material. The sentence imposed on Murphy was not the result of a prior conviction, but the result of the agreement the trial court was bound to follow after it accepted Murphy's guilty plea. *McGill v. State* (1986), Ind., 500 N.E.2d 1202, 1204 (DeBruler, J., dissenting). Given that there was only one sentence that the trial court could impose once it accepted the plea agreement, and that Murphy indicated that he understood the sentence before the plea was accepted, Murphy's claim that his plea was unknowing is unavailing.

■ We are also not convinced of the merit of Murphy's second claim, that his guilty plea was not voluntarily or intelligently made because the trial court did not expressly advise him that the court would be bound by the agreement. This advisement was also part of the written plea agreement signed by Murphy. He indicated to the trial court that he discussed it with his attorney and family, and that he understood it. Moreover, he offers us no specific facts, as required under *White,* to demonstrate that he would have changed his guilty plea if this advisement was orally conveyed to him at the time his plea was accepted.

We will not reverse the action of the post conviction court because the advisements claimed to be omitted were contained in the written plea agreement which Murphy indicated that he understood. Too, Murphy has not produced any facts to show that his plea would have been different if the advisements were more clearly conveyed to him. Since our review of the entire record reveals that Murphy's plea was voluntarily and intelligently made, the post conviction court's decision is affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.