**Joel CLAY, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana Appellee**
**(Respondent Below).**

**No. 46A03-8810-PC-317.**

Court of Appeals of Indiana,
Third District.

Feb. 13, 1989.
Rehearing Denied March 21, 1989.

Susan K. Carpenter, Public Defender, Kathleen A. Leseur, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Joel Clay appeals from an order entered in the LaPorte County Superior Court dismissing his second petition for post-conviction relief. This appeal raises two issues:

1. Whether the trial court erred by dismissing Clay's petition for post-conviction relief prior to referring his petition to the Public Defender's Office?

2. Whether Clay's contention that he was denied effective assistance of counsel at trial was waived?

Affirmed.

On June 10, 1977 Joel Clay pled guilty to the offense of second degree burglary. He was sentenced to an indeterminate prison term of two to five years. Clay filed a *pro se* petition for post-conviction relief on April 4, 1985, and an amended petition in October of 1985. After a hearing, the trial court denied relief. The trial court's decision was affirmed by this court in an unpublished opinion dated October 10, 1987.

Clay filed a second *pro se* petition for post-conviction relief on April 18, 1988.

Simultaneously, Clay filed his affidavit of indigency and requested the assistance of the Public Defender. On April 26, 1988, the State responded to Clay's petition with a motion to dismiss. The trial court granted the motion to dismiss without a hearing on May 16, 1988. On May 20, 1988, a deputy public defender entered her appearance on Clay's behalf and filed a response to the State's motion to dismiss, within which response was a request that the court allow Clay the opportunity to confer with counsel and amend his petition, if necessary. The trial court declined to reconsider its granting of the motion to dismiss. This appeal ensued.

Clay challenges the trial court's failure to refer his petition to the Public Defender's Office prior to granting the State's motion to dismiss. Clay contends that the trial court's action denied him his constitutional right to counsel and violated Indiana Rules of Procedure, Post–Conviction Rule 1(2).[1] Further, Clay argues that because his first petition for post-conviction relief was litigated under the standard articulated in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, but was decided on appeal under the new standard set forth in *White v. State* (1986), Ind., 497 N.E.2d 893, he should be allowed to raise additional grounds for relief by this new petition without being subjected to the waiver provision of Indiana Rules of Procedure, Post–Conviction Rule 1(8).

As Clay points out, P.C.R. 1(2) requires trial courts to refer copies of petitions for post-conviction relief to the Public Defender's Office where the petitioners are indigent, whether or not a request for the same has been tendered. *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694, 695. Many recent cases have held that the summary denial of a *pro se* petition for post-

---

1. P.C.R. 1(2) provides:

 A proceeding under this Rule is commenced by filing three [3] copies of a verified petition with the clerk of the court in which the conviction took place. No deposit or filing fee shall be required.

 The clerk shall docket the petition upon its receipt and deliver a copy to the prosecuting attorney of that judicial circuit. If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis and order a copy of the petition sent to the Public Defender's Office.

conviction relief is improper where the petitioner has not been allowed sufficient time to confer with counsel and the trial court has not preceded its denial with the issuance of an order to show cause. *See Russell v. State* (1987), Ind., 510 N.E.2d 1339; *Colvin v. State* (1986), Ind.App., 501 N.E.2d 1149; *Stoner v. State* (1987), Ind. App., 506 N.E.2d 837. In a dissenting opinion later adopted by the majority of our supreme court on rehearing, Justice De-Bruler stated that the rationale behind sections 2, 3 and 4 of P.C.R. 1 is:

> "... to afford at least one post-conviction petition to prisoners having claims and to make that one as fully developed and complete as is reasonably and humanly possible. Success in achieving this purpose is the best way of rendering subsequent petitions unnecessary. Summary dismissal of a first *pro se* petition before amendment by the Public Defender quite to the contrary frustrates this important goal."

*Holliness v. State* (1986), Ind., 494 N.E.2d 305, 307, *rev'd. on rehearing* 496 N.E.2d 1281.

In light of the purpose of these provisions, it is clear that Clay's argument is without merit due to the fact that his is a second petition for post-conviction relief. The requirements of P.C.R. 1(2) do not extend to second petitions. *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. As a result, the trial court in this case had the discretion to summarily deny the petition pursuant to P.C.R. 1(4) without having referred it to the Public Defender if it found that the pleadings conclusively demonstrated that no relief was available.

■ Clay next argues that the trial court was precluded from summarily dismissing his petition for post-conviction relief because the *White* standard was retroactively applied on appeal to his first petition. Clay relies on *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, *reh. denied,* for the proposition that the retroactive application of *White* to a prior petition for post-conviction relief precludes the summary denial of a second petition based on P.C.R. 1(8) waiver provisions.[2] Clay misconstrues the holding of the *Patton* case.

The concern in *Patton* was whether, upon retroactive application of *White* to a petition for post-conviction relief not meeting the new burden of pleading therein articulated, those issues litigated under the first petition would be waived as "finally adjudicated" under P.C.R. 1(8). We determined that Patton's reliance on *German v. State* (1981), Ind., 428 N.E.2d 234, in formulating his first petition probably constituted "sufficient reason" pursuant to P.C. R. 1(8) to prevent waiver from undermining his efforts to reassert the same issues provided his factual pleadings conformed with the *White* standard. However, Patton was not divested of the requirement of satisfying the additional burden of pleading in filing his subsequent petition, nor was a blanket exception to the P.C.R. 1(8) "sufficient reason" requirement created for petitioners subjected to the retroactive application of *White.*

■ Clay's sole allegation in his second petition for post-conviction relief is that he was denied effective assistance of counsel at trial, alleging that his attorney failed to investigate the facts of the case and neglected to depose state and defense witnesses. He further states that he was coerced into pleading guilty by trial counsel, alleging that his attorney misadvised him as to the consequences of pleading guilty; failed to instruct him as to how he evaluated the risk of going to trial; failed to inform him of his right against self-incrimination; and failed to "seek mitigating

---

2. P.C.R. 1(8) states:
 All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

circumstances." (R. 16–18.) Outside of his failure to plead the specific facts necessary to bring his petition in conformity with the *White* standard,[3] Clay makes no attempt to show that this issue was unascertainable or unavailable at the time of his first petition for post-conviction relief, nor does he attempt to justify his failure to have raised the issue previously.[4] Where a post-conviction petitioner brings a petition following a direct appeal or prior petition for post-conviction relief, allegations of error asserted therein may not be raised in the absence of a showing that the issue was unascertainable or unavailable at the time of trial, direct appeal or prior petition. *Crisp v. State* (1987), Ind., 511 N.E.2d 306, 307, *reh. denied; Winston v. State* (1978), 267 Ind. 587, 372 N.E.2d 183, 184. A petition which fails to make this showing may be dismissed summarily. *Crisp, Id.* Clay's petition conclusively demonstrates that the issue of ineffective assistance of counsel was waived by his failure to have raised it previously and his failure to provide sufficient reason for not having done so. Therefore, we hold that the post-conviction trial court did not err in summarily dismissing Clay's petition.

AFFIRMED.

GARRARD, P.J., and HOFFMAN, J., concur.

---

3. For example, Clay fails to show how he was prejudiced by the actions of trial counsel; what testimony his alleged alibi witnesses would have provided; or what mitigating circumstances existed which had the potential to affect his case.

4. Clay's first petition for post-conviction relief alleged that his guilty plea was involuntarily rendered due to the trial court's failure to advise him regarding sentencing and his right to a speedy trial.