**Derrick HARRISON, Appellant–
Petitioner Below,**

v.

**STATE of Indiana, Appellee–
Respondent Below.**

**No. 45A03–9110–PC–324.**

Court of Appeals of Indiana,
Third District.

Jan. 28, 1992.

Transfer Denied March 11, 1992.

Derrick Harrison, pro se.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-respondent below.

STATON, Judge.

■ Derrick Harrison appeals the denial of his second petition for post conviction relief in which he sought to withdraw his plea of guilty to theft, a Class D felony.[1] Harrison presents us with a single (restated) issue: whether the post conviction court erroneously dismissed Harrison's petition without a hearing upon finding that the allegations of error contained therein were waived or *res judicata*.[2]

We affirm.

On November 28, 1978, Harrison pled guilty to theft pursuant to an unwritten plea agreement. On September 30, 1985, he filed a petition for post conviction relief, amended December 20, 1985. On August 19, 1986, the petition was denied; the denial was affirmed by this court on August 4, 1987. On September 17, 1990, Harrison filed a *pro se* petition for post conviction relief, amended September 24, 1990, further amended December 21, 1990.

■ Harrison's second petition, as amended, alleged that his plea of guilty was not made knowingly, intelligently and voluntarily because (1) he was not advised of the guilty plea court's discretion to enter a judgment of conviction as a class A misdemeanor and (2) because the guilty plea court failed to inform him that the court was not a party to any plea agreement between the prosecutor and defense. He additionally alleged the ineffective assistance of trial and post conviction counsel.[3]

1. IND.CODE 35–43–4–2.

2. Issues previously decided adversely to a petitioner's position are *res judicata;* issues available for review on direct appeal, but not raised, are waived for post-conviction review. *Mickens v. State* (1991), Ind.App., 579 N.E.2d 615, 618. Issues available but not raised in an original petition for post-conviction relief may not be raised in a subsequent petition for post-convic-

tion relief, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition. Ind. Post–Conviction Rule 1(8).

3. Harrison has not argued on appeal that he was denied the effective assistance of trial and post-conviction counsel. However, he has alleged that the post-conviction court addressed

On August 25, 1991, Harrison's petition for post-conviction relief was denied. The order of the post-conviction court provides in pertinent part:

"The issues raised in the successive petition for post-conviction relief and its amendments are frivolous because the trial and appellate courts have previously ruled that the defendant's plea of guilty was made knowingly, intelligently and voluntarily. The claims and arguments made in the successive petition, even if true, fail to raise a reasonable challenge to that decision."

Record, p. 363.

The post-conviction petitioner must establish his grounds for relief by a preponderance of the evidence. A petitioner who has been denied post-conviction relief is in the position of one who has received a negative judgment. We will reverse the judgment of the post-conviction court only where the evidence is undisputed and leads inevitably to a conclusion opposite that of the trial court. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204, *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218.

Our review of the record herein discloses that Harrison's claim of involuntariness was raised in his first petition for post-conviction relief and was decided adversely to him. In a memorandum decision (*Harrison v. State* (1987), Ind.App., 511 N.E.2d 519), this court affirmed the petition's denial:

"Specifically, Harrison argues that the trial court failed to inform him of the possibility that he might receive an in-creased sentence because of prior convictions; that consecutive sentences might be imposed; that the court was not a party to or bound by any agreement between the prosecutor and the defense; and that the court had the discretionary power to enter a judgment as a class A misdemeanor. In the post-conviction court's findings of fact, it agreed that these advisements were not formally given, but that either the omitted advisements were harmless errors, or that the trial court adequately conveyed the information to Harrison.

The post-conviction court concluded that any errors regarding consecutive or enhanced sentences were harmless since neither one was imposed by the trial court. Indeed, Harrison makes no attempt to demonstrate how he was prejudiced by their omission as required under *White v. State* (1986), Ind., 497 N.E.2d 893, 905 (petitioner must prove that an omitted advisement, if given, would have changed the decision to make the plea).

The post-conviction court also found that during the guilty plea hearing the trial court adequately conveyed to the petitioner that the court was not bound by the plea agreement. It also conveyed to Harrison that it had a certain amount of discretionary authority to sentence him irregardless of any agreement he had with the State. Once again, Harrison failed to inform us how the omission of the required advisements materially impacted his decision to plead guilty as required under *White*.

---

less than all the issues before it. In order that a third petition for post-conviction relief may be avoided, we have reviewed the record before the post-conviction court to determine whether Harrison was entitled to an evidentiary hearing on the issue of ineffective assistance of counsel. Harrison, who was represented by different attorneys at trial and during post-conviction proceedings, failed to allege ineffective assistance of trial counsel in his first petition for post-conviction relief. This issue is therefore waived. Ind. Post–Conviction Rule 1(8). In alleging that his post-conviction counsel was ineffective, Harrison claimed that counsel filed a "totally frivolous" motion to amend Harrison's *pro se* petition for post-conviction relief.

Record, p. 133. The amendment concerned the trial court's alleged failure to advise Harrison of the court's discretion to treat the theft as a Class A misdemeanor. In his original and successive petitions and appeals, Harrison has vigorously argued that this allegation of error is meritorious. His conclusory allegation in his second post-conviction petition that he was denied the effective assistance of counsel based upon counsel's "frivolous" endeavor is inadequate to create an issue of material fact requiring an evidentiary hearing. *See Harding v. State* (1989), Ind. App., 545 N.E.2d 14. The post-conviction court did not err in declining to hold an evidentiary hearing upon Harrison's claims of ineffective assistance of counsel.

The only issue argued in Harrison's brief is whether *White* should be applied to petitions for post-conviction relief denied prior to September 10, 1986, the date *White* was decided. We have already addressed this issue in *Murphy v. State* (1987), Ind.App., 507 N.E.2d 657. There we noted that the Indiana State Supreme court has given *White* retroactive application, and that we are bound by the doctrine of *stare decisis* to do the same. *Id.* at 658. Accordingly, the *White* standard of review governs the instant petition, which was properly denied."

Record, pp. 18–19.

Harrison argues that because he relied upon the standard articulated in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714 in drafting his first post-conviction petition, and the standard set forth in *White, supra,* was retroactively applied on appeal, he should be allowed to raise additional grounds for relief in a second petition without being subjected to the waiver provision of Indiana Rules of Procedure, Post–Conviction Rule 1(8). He relies upon *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, *trans. denied,* which contemplated that a petitioner might obtain relief by filing a second petition to meet the revised burden of *White* following the retroactive application of *White* to his original post-conviction petition. In the second post-conviction petition, the petitioner would be required to plead those specific facts omitted from the original petition which would demonstrate that he was prejudiced by the trial court's failure to give a particular advisement. *Id.* at 628. *See also Herman v. State* (1988), Ind., 526 N.E.2d 1183, 1185.

In *Clay v. State* (1989), Ind.App., 533 N.E.2d 1270, *trans. denied,* Clay argued that the allegations of his second post-conviction petition were not waived because his first petition was litigated under the standard articulated in *Neeley, supra,* but was decided on appeal under the new standard set forth in *White, supra.* In affirming the trial court's summary dismissal of Clay's second petition, the court explained the holding of *Patton, supra:*

"The concern in *Patton* was whether, upon retroactive application of *White* to a petition for post-conviction relief not meeting the new burden of pleading therein articulated, those issues litigated under the first petition would be waived as 'finally adjudicated' under P.C.R. 1(8). We determined that Patton's reliance on *German v. State* (1981), Ind., 428 N.E.2d 234, in formulating his first petition probably constituted 'sufficient reason' pursuant to P.C.R. 1(8) to prevent waiver from undermining his efforts to reassert the same issues provided his factual pleadings conformed with the *White* standard. However, Patton was not divested of the requirement of satisfying the additional burden of pleading in filing his subsequent petition, nor was a blanket exception to the P.C.R. 1(8) 'sufficient reason' requirement created for petitioners subjected to the retroactive application of *White.*"

*Id.* at 1272.

■ The post-conviction court which considered Harrison's first petition found that he had been adequately advised that the trial court was not bound by the plea agreement; this finding was affirmed on direct appeal. The doctrine of *res judicata* prevented Harrison from relitigating the issue of whether this particular advisement was given. *Schiro, supra,* at 1205.

■ On the other hand, the prior proceedings did not establish that Harrison had been informed of the trial court's discretionary power to enter a judgment as a class A misdemeanor. The issue of this omission is not barred by the doctrine of *res judicata.* Moreover, in light of the ruling precedent of *Herman, supra, Clay, supra,* and *Patton, supra,* Harrison did not, in filing his initial (pre *White*) post-conviction petition, waive his right to plead facts which, if true, would demonstrate prejudice from the omission.

■ However, as stated by this court in *Clay, supra,* a petitioner must satisfy the additional burden of pleading imposed by *White, supra.* Harrison's bare assertion in his second petition—that he would have insisted upon a jury trial had the advise-

ment been given—is insufficient to raise a material issue of fact as to the voluntariness of his plea. Harrison entered into a plea agreement which provided that the prosecutor would recommend probation. Accordingly, Harrison was sentenced to two years probation. Harrison does not allege facts which, if true, would demonstrate that he was misled or coerced into pleading guilty.

 Where the post-conviction pleadings conclusively show that a petitioner is not entitled to relief, the court may deny the petition without further proceedings. *Clay, supra,* at 1272. The post-conviction court did not err by dismissing Harrison's second petition for post-conviction relief without an evidentiary hearing.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.