## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy P. Payne
Isabella H. Bravo
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clarence Butler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2017

Court of Appeals Case No.
53A01-1703-CR-468

Appeal from the Monroe Circuit Court

The Honorable Mary-Ellen Diekhoff, Judge

Trial Court Cause No.
53C05-1411-F6-1092, 53C05-1506-F6-548, 53C05-1507-F6-648, & 53C05-1601-F6-29

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Clarence Butler (Butler), appeals the trial court's denial of his motion to withdraw guilty pleas.

We affirm.

# ISSUE

Butler presents one issue on appeal, which we restate as: Whether the trial court erred by denying Butler's motion to withdraw his guilty pleas.

# FACTS AND PROCEDURAL HISTORY

On November 20, 2014, in Cause Number 53C05-1411-F6-001092 (F6-1092), Butler was charged with auto theft, a Level 6 felony, Ind. Code. § 35-43-4-2.5(b)(1); resisting law enforcement, a Level 6 felony, I.C. § 35-44-1-3-1(a)(3); and failure to stop after an accident resulting in damage to property other than a vehicle, a Class B misdemeanor, I.C. § 9-26-1-4(a)(2). On June 8, 2015, under Cause Number 1506-F6-000548 (F6-548), Butler was charged with possession of methamphetamine, a Level 6 felony, I.C. § 35-48-4-6.1(a); resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-1-3-1(a)(3); theft, a Class A misdemeanor, I.C. § 35-43-4-2; possession of paraphernalia, a Class A misdemeanor, I.C. § 35-48-4-8.3(a)(1); and possession of marijuana, a Class B misdemeanor, I.C. § 35-48-4-11(a)(1). A month later, on July 6, 2015, under Cause Number 53C05-1507-F6-000648 (F6-648), Butler was charged with two Counts of auto theft, Level 6 felonies, I.C. § 35-43-4-2.5(b)(1). On January 12, 2016, in Cause Number 53C05-1601-F6-000029 (F6-29), Butler was charged

with battery with moderate bodily injury, a Level 6 felony, I.C. § 35-42-2-1(b)(1).

[5] On January 26, 2017, Butler agreed to plead guilty to the following offenses: auto theft and resisting law enforcement, Level 6 felonies, under Cause Number F6-1092; possession of methamphetamine, a Level 6 felony, under Cause Number F6-548; two Counts of auto theft, Level 6 felonies, under Cause Number F6-648; and battery with moderate bodily injury, a Level 6 felony, under Cause Number F6-29. At the change of plea hearing, Butler was in custody at the Monroe County Jail. Prior to pleading guilty to the above offenses, the trial court engaged in the following conversation with Butler:

> [TRIAL COURT]: Ok. . . . Butler I have an affirmation of attendance and an acknowledgement of rights form. Did you in fact watch the rights video?
>
> [BUTLER]: Yes, Your Honor.
>
> [TRIAL COURT]: The rights video contains the various charges and the possible penalties. Do you have any questions about any of those changes and the possible penalties?
>
> [BUTLER]: No, Your Honor.
>
> [TRIAL COURT]: If at any time, when we are doing this, if you have questions because there are a lot of them. If you have any questions speak up . . . . please?
>
> [BUTLER]: Yes, Your Honor.

[TRIAL COURT]:  Did you have any difficulty in understanding the discussion of your constitutional rights?

[BUTLER]:  N[o], Your Honor.

[TRIAL COURT]:  Do you have any questions about your constitutional rights?

[BUTLER]:  N[o], Your Honor.

[TRIAL COURT]:  Do you understand[] that by pleading guilty here this morning you are voluntarily giving up all of your constitutional rights?

[BUTLER]:  Yes, Your Honor.

[TRIAL COURT]:  Do you understand, . . . . Butler, that the plan today is to sentence you . . . ., release you from jail, and I am going to set this matter out for sentencing in the future?

[BUTLER]:  Yes, Your Honor.

[TRIAL COURT]:  Is that your understanding?

[BUTLER]:  Yes, Your Honor.

[TRIAL COURT]:  Is that what you wish to do here this morning?

[BUTLER]:  Yes, Your Honor.

[TRIAL COURT]:  Do you have questions about your constitutional rights?

[BUTLER]:  No, Your Honor.

****

[TRIAL COURT]: Has anyone threatened, coerced, or improperly influenced you to make you do this?

[BUTLER]: No, Your Honor.

****

[TRIAL COURT]: . . . Are you under the influence of a mental illness or drugs or anything that would cause you difficulty in understanding what we are doing?

[BUTLER]:  No, Your Honor.  I am just sick. I have a really bad cold.

[TRIAL COURT]:  But it is not stopping you from understanding anything?

[BUTLER]:  N[o].

(Tr. pp. 37-39).  The trial court then read the factual allegations for each offense to which Butler had agreed to plead guilty.  Upon reading the facts relating to the auto theft charge under Cause Number F6-1092, the trial court confused the facts of that charge with another auto theft in an unrelated case that is not part of this appeal.  At that point, Butler interjected and he helped to correct the

mistake. Butler then pled guilty to the correct auto theft charge. In addition, Butler pled guilty to some of the allegations under Cause Numbers F6-548, F6-648, and F6-29. At the close of the hearing, the trial court found that there was an adequate factual basis to support the guilty pleas. The trial court accepted Butler's guilty pleas, and it indicated that it would release Butler from custody on his own recognizance pending his sentencing.

[6] On January 27, 2017, the State filed a Motion to Revoke Recognizance under Cause Numbers F6-1092, F6-548, F6-648, and F6-29. In all the motions, the State claimed that Butler had committed a new offense of criminal mischief, a Class B misdemeanor. In support of the motions, the State attached an Offense Report from Monroe County Jail indicating that on the day Butler pled guilty to the charges under Cause Numbers F6-1092, F6-548, F6-648, and F6-29, Butler engaged in a standoff with the correctional officers in Monroe County Jail. Specifically, the Offense Report stated Butler climbed the stairwell cage in the indoor recreation area and refused to come down. Butler's standoff with Monroe County correctional officers lasted for six hours, and he broke several items, including light fixtures and metal strips that were holding pipes.[1]

[7] On February 1, 2017, the trial court conducted a sentencing hearing. At the start of the hearing, Butler, through his attorney, orally moved to withdraw his

---

[1] During the standoff, Butler informed the correction officers that "the Judge, the Prosecutor, and even my Attorney knew I had a warrant in Lawrence County so they tricked me into signing the plea deal on the basis that I was getting released today." (Appellant's App. Vol. II, p. 60).

guilty pleas under Cause Numbers F6-1092, F6-548, F6-648, and F6-29.  In denying Butler's motion, the following exchange occurred between Butler and the trial court:

> [TRIAL COURT]:  We were in [c]ourt for over an hour. . . There was no discussion on the record about you only pleading guilty to get out of jail. Your credit time was accrued and we discussed that.  We discussed how it was being applied.  The State of Indiana dismissed some of the cases which also was in your favor.  Which we discussed.  The [c]ourt took your pleas.  I asked you specifically were you under the influence of any kind of anything to plead guilty.  No you understood it.  The [c]ourt asked you if you were doing this for any other reason.  If there had been any promises made to you.  No. You indicated no. You indicated that you knew what you were doing. I would also point out for the purposes of the record that at one point in time because there were-
>
> [BUTLER]: Please don't do this to me.  You guys are really going to do this to me.
>
> [TRIAL COURT]: [] Butler will you please quit talking—
>
> [BUTLER]:  No I am serious.  I snapped out because I thought I was getting out of jail.
>
> [TRIAL COURT]:  I am serious too.
>
> [BUTLER]:  Because I thought I was going to be able to get a job and stay on the street and show you that I can stay out there and now you guys are going to sit here do this to me.
>
> ****

[BUTLER]: Do you think that I would have just went and done that after just pleading to all that if I knew I was just going to be totally screwed. I felt like I was screwed. I wouldn't have [pled] guilty to that unless I was under the impression that I was getting out of jail. You told me yourself that [I am] going to get out—

[TRIAL COURT]: In fact for the purposes of the record, . . . Butler, when we went through, what was it twelve or thirteen files. At one point in time . . . . Butler actually argued with one of his attorneys in regards to one the files that he was pleading to that he believed was going to be dismissed. . . . The [c]ourt believes and believed at the time, . . . Butler understood what he was doing; understood what he was pleading guilty to; understood the charges; understood that sentencing was going to be put out; understood that sentencing was going to be left open and [] Butler we had a conversation about not only going and getting a job we had a conversation about you going out and behaving in a civil manner. Within a matter of hours, while you were still incarcerated in jail, you behaved in a manner that was definitely not civilized; definitely not appropriate.

(Tr. pp. 61-63).

[8] After denying Butler's oral motion to withdraw his guilty pleas, the trial court proceeded in sentencing Butler. In Cause Number F6-1092, the trial court sentenced Butler to concurrent sentences of two years each for the auto theft and resisting law enforcement charges. In Cause Number F6-548, the trial court sentenced Butler to two years for the possession of methamphetamine charge—the trial court ordered that sentence was to run concurrently with the sentence in Cause Number F6-1092. Under Cause Number F6-648, the trial court sentenced Butler to two years each for the two Counts of auto theft—the

trial court ordered that sentence to run consecutively to the sentence under Cause Number F6-548. Finally, in Cause Number F6-29, the trial court sentenced Butler to two years for the battery with moderate bodily injury conviction—that sentence was ordered to run consecutive to the sentence in Cause Number F6-648. Butler's aggregate sentence is six years, all to be executed in the Indiana Department of Correction.

[9] The next day, on February 2, 2017, Butler filed a Verified Motion for Withdrawal of Guilty Plea, stating in part, that his guilty pleas were not knowingly and voluntarily made since he understood that a term of his plea agreement meant that he would be released from Monroe County Jail upon pleading guilty. In addition, Butler claimed that the State had reneged on the plea agreement by failing to release him from custody. On February 17, 2017, the State filed its response claiming that the colloquy at Butler's change of plea hearing demonstrated that Butler's guilty pleas were knowingly and voluntarily made. With regards to Butler's claim that the State had broken its promise to release Butler from custody, the State explained that it was unapprised of the fact that Lawrence County had an outstanding warrant that prevented Butler from being released from Monroe County Jail. In addition, the State claimed that while the trial court revealed that it would release Butler on his own recognizance after the plea hearing, Butler did not notify the trial court that his principal reason for pleading guilty was to be released from custody. On March 6, 2017, the trial court issued an order denying Butler's motion.

[10] Butler now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

We begin by observing that, generally, "[i]n Indiana . . . it is well-settled that a person who pleads guilty cannot challenge his convictions by means of direct appeal[.]" *Robey v. State*, 7 N.E.3d 371, 383 (Ind. Ct. App. 2014) (citing *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005)), *trans. denied*. "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Therefore, a motion to withdraw a plea made after a sentence has been imposed must be treated as a petition for post-conviction relief. I.C. § 35-35-1-4(c).

"Post-conviction proceedings are not super-appeals and provide only a narrow remedy for subsequent collateral challenges." *State v. Cooper*, 935 N.E.2d 146, 148 (Ind. 2010). Where, as here, Butler appeals a judgment denying post-conviction relief, we review using the standard in Indiana Trial Rule 52(A):

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.

*State v. Hollin*, 970 N.E.2d 147, 150 (Ind. 2012). Under the clearly erroneous standard of review, we review only for the sufficiency of the evidence. *State v. Dye*, 784 N.E.2d 469, 471 (Ind. 2003). We neither reweigh the evidence nor determine the credibility of witnesses. *Id*. We consider only the probative

evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error. *Id.* Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind. 1995).

[13] Indiana Code Section 35-35-1-4(c), governs the withdrawal of guilty pleas after sentencing and provides that:

> After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for post conviction relief under the Indiana Rules of Procedure for Post conviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> (1) the convicted person was denied the effective assistance of counsel;
>
> (2) the plea was not entered or ratified by the convicted person;
>
> (3) the plea was not knowingly and voluntarily made;
>
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason.

The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

## A. *Knowing and Voluntary Pleas*

[14]   Butler claims that withdrawal of his pleas is necessary to correct a manifest injustice under subparagraph (3). Prior to accepting Butler's guilty pleas, the trial court examined Butler in accordance with Indiana Code section 35-35-1-2(a). Specifically, in response to questions posed by the trial court, Butler confirmed that he shared an understanding of the oral plea agreement as outlined by the State and his attorney. Butler also affirmed that he had watched the video advising him of his constitutional rights, and Butler stated that he had no difficulty in understanding that by pleading guilty, he would be waiving his constitutional rights. Butler also affirmed that he understood the nature of the guilty plea proceedings. In addition, Butler acknowledged that by pleading guilty, he would use up all his credit time. At that point, the trial court expressed that it would release Butler from jail at close of the plea hearing, and that his sentence would be deffered to a later date. Again, the trial court asked Butler if he had any questions. Butler stated, "[N]o, your Honor." (Tr. p. 38). The trial court further questioned Butler as to whether he was pleading guilty because he had been threatened or forced. Butler answered, "No, Your Honor." (Tr. p. 37). Butler also confirmed that he was not under the influence

of drugs, and that he did not suffer from any mental health issues. However, Butler informed the trial court that he had "a really bad cold" and even though his ears were plugged, it did not stop him from understanding anything and he could hear just fine. (Tr. p. 37). *See Coomer v. State,* 652 N.E.2d 60, 62 (Ind. 1995) (discussing the trial court's duty to examine a defendant prior to accepting the defendant's guilty plea to confirm that the defendant is acting freely and knowingly).

[15] After the trial court was satisfied that Butler was knowingly and voluntarily agreeing to plead guilty, the trial court proceeded to read the factual allegations of the crimes that Butler had agreed to plead guilty as charged. As noted, there were four separate cases—*i.e.*, Cause Number F6-1092, F6-548, F6-648, and F6-29—comprising of six felonies and five misdemeanors. In exchange for Butler's guilty plea of the felony offenses, the State agreed to dismiss the misdemeanor offenses. While reading the allegations for the auto theft charge in Cause Number F6-1092, the trial court confused the facts of that charge with another auto theft charge against Butler in another pending case. At that point, Butler interrupted and assisted the trial court to correct the mistake. Thereafter, Butler then pled guilty to the accurate auto theft charge under Cause Number F6-1092. Butler also pled guilty to the remaining five felonies under Cause Numbers F6-1092, F6-548, F6-648, and F6-29. In addition, the State dismissed Butler's four other pending cases that are not part of this appeal— *i.e.*, Cause Numbers 53C05-1411-F6-001060, 53C05-1604-F6-000338, 53C05-1507-F6-000711, and 53C05-1512-CM-003458. Notwithstanding Butler's assertion that

his pleas were not voluntarily and knowingly made, here, it appears as if Butler's main incentive for entering the plea agreement was to resolve multiple pending charges in order to avoid prosecution for the vast majority.

[16] As for Butler's assertion that he only pled guilty in order to be released from Monroe County Jail, we find that this argument lacks merit. The record shows that at his pre-trial hearing held on January 18, 2017, a few days before Butler changed his plea, Butler gave an indication as to why he desired to plead guilty. Specifically, Butler's counsel expressed that it was Butler's wish to resolve the charges he had already pled guilty to in Monroe County. As detailed in the change of plea hearing transcript on January 26, 2017, Butler was clearly aware of the terms of the plea agreement as presented by the State and his attorney; he affirmed that he understood the consequence of his guilty plea to his constitutional rights; he corrected the trial court when it made a mistake on the facts of a case in which he was pleading; he expressed that he was not coerced, mentally ill, or threatened to plead. Butler knowingly and voluntarily offered his pleas in an attempt to obtain the most-advantageous outcome leading to the dismissal of multiple Counts and other pending cases. After the trial court's very thorough advisements and questioning of Butler, he indicated a desire to plead guilty and he did so.

[17] Under these facts and circumstances, we find that there was sufficient evidence indicating that Butler's guilty pleas were knowingly and voluntary made. Here,

Butler has not established that withdrawing his guilty pleas will correct a manifest injustice.[2]

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in denying Butler's motion to withdraw his guilty pleas.

Affirmed.

Robb, J. and Pyle, J. concur

---

[2] Butler also argues that he misunderstood the plea agreement, and we find that Butler's claim essentially boils down to an argument that the plea was not made knowingly and intelligently. When pleas are challenged on this ground, the defendant must show had he understood the consequences of pleading guilty, he would not have done so. *Stewart v. State*, 505 N.E.2d 61, 62 (Ind. 1987) (trial court was not required to allow defendant to withdraw guilty plea where defendant failed to demonstrate that trial court's omission of certain advisements had affected his decision to plead guilty).